**Leonard A. WASHBURN, III**

v.

**The UNITED STATES.**

**No. 11–62.**

United States Court of Claims.

March 6, 1963.

John S. Mears, Washington, D. C., for plaintiff. Ernest C. Raskauskas, Washington, D. C., was on the brief.

Katherine H. Johnson, Alexandria, Va., with whom was Acting Asst. Atty. Gen. Joseph D. Guilfoyle, for defendant.

JONES, Chief Judge.

This is a suit for readjustment pay which plaintiff claims was wrongfully denied him at the time of his involuntary release from active duty in the Air Force Reserve.

In 1956, the Congress amended the Armed Forces Reserve Act of 1952 [1] by adding section 265(a). The added section provides that members of Reserve components who are involuntarily released from active duty after having completed immediately prior to such release at least 5 years of continuous active duty shall be entitled to a lump-sum readjustment payment. Such payment is to be computed on the basis of one-half of one month's basic pay in the grade in which serving at the time of release for each year of active service for a maximum of 18 years.[2]

Plaintiff entered on active duty as an enlisted man in the Regular Air Force on February 1, 1949. His enlisted status was terminated on January 26, 1954, when he accepted an appointment as sec-

---

[1.] 66 Stat. 481.

[2.] Act of July 9, 1956, 70 Stat. 517 (50 U.S.C. § 1016(a) (1959)), which reads in part as follows:

"Sec. 265. (a) A member of a reserve component who is involuntarily released from active duty after the enactment of this section and after having completed

immediately prior to such release at least five years of continuous active duty, except for breaks in service of not more than thirty days, as either an officer, warrant officer, or enlisted person, is entitled to a lump-sum readjustment payment computed on the basis of one-half of one month's basic pay in the grade in which he is serving at the time of release from active duty

ond lieutenant in the Air Force Reserve. On January 31, 1958, he was involuntarily released from active duty in connection with a reduction in strength of the Air Force Reserve. The Air Force informed him in his notice of separation that he was ineligible for the readjustment pay provided in section 265(a). This administrative determination was affirmed by the Comptroller General in an opinion dated November 4, 1958.[3]

At the time of his involuntary separation, plaintiff had completed 9 years of continuous active duty. However, during only the last 4 years and 5 days was he serving on active duty as a member of a *Reserve* component.

Defendant, in moving for summary judgment, contends that, under the correct interpretation of section 265(a), plaintiff, to be eligible for the readjustment pay provided therein, must have served "at least five years of continuous active duty" as a member of a Reserve component. It concedes that once having qualified with 5 years' service in a Reserve component, a former member of a Reserve component involuntarily separated could use his total number of years of active duty, both Regular and Reserve, as the multiplier for computing the amount of readjustment pay to which he is entitled.

Plaintiff denies that the language of section 265(a) requires that his prior 5 years' service must have been served exclusively in a Reserve component. The route an individual takes to attain Reserve status, he asserts, is immaterial in determining years of active duty.

The sole question before us, therefore, is whether the Congress by the use of the language of section 265(a) intended that a member of a Reserve component, involuntarily released from active duty, should be permitted to combine service in a Regular component with service in a Reserve component in determining eligibility for readjustment pay.

We believe the answer should be in the affirmative.

The legislative history of section 265 (a) is inconclusive. Both parties, in fact, rely on it to some extent. There can be little doubt that its purpose was to assist reservists involuntarily released after long periods of active duty in rehabilitating themselves in the civilian world.[4] A reservist's need for this terminal aid would be undiminished by the fact that earlier in his career he had spent some years in the Regular forces.

In the case at bar plaintiff had completed 9 years of continuous active duty. We do not think he should be disqualified from receiving readjustment pay simply because a part of that service had been performed as a Regular enlisted member. Nor does a reasonable interpretation of the statutory language require it.

We therefore hold that plaintiff is entitled to recover from the defendant readjustment pay as provided in section 265 (a). However, in computing the amount of plaintiff's lump-sum readjustment payment there should be deducted, pursuant to the provisions of section 265(a), any mustering-out payment he may have heretofore received.

Plaintiff's motion for summary judgment, with recovery limited as stated above, is granted, and defendant's motion for summary judgment is denied. Judg-

for each year of active service ending at the close of the eighteenth year. For the purposes of computing the amount of readjustment payment (1) a part of a year that is six months or more is counted as a whole year, and a part of a year that is less than six months is disregarded, and (2) any prior period for which severance pay has been received under any other provision of law shall be excluded. There shall be deducted from any lump-sum readjustment pay-

ment any mustering-out pay received under the provisions of the Mustering-Out Payment Act of 1944 or the Veterans Readjustment Assistance Act of 1952."

3. Letter from the Comptroller General of the United States to Honorable Jim Wright, November 4, 1958.

4. S.Rep. No. 2288, 84th Cong., 2d Sess. (1956).

ment is entered to that effect, the amount of plaintiff's recovery to be determined pursuant to Rule 38(c).

DAVIS, DURFEE and LARAMORE, Judges, concur.